FILED
March 26, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002516343

14
ESTELA O. PINO, SBN 112975
DAVID A. HAYNES, SBN 264688
**PINO & ASSOCIATES**
800 Howe Ave. Suite 420
Sacramento, CA 95825
Telephone:(916) 641-2288
Facsimile: (916) 641-1888

Special Bankruptcy Counsel for Derrick and Paula Lisa Jackson

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>DERRICK JACKSON<br>and<br>PAULA LISA JACKSON<br><br>Debtors.<br><br>DERRICK JACKSON and PAULA LISA JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE FINANCE COMPANY, LLC; WAP RECOVERY INC.; et al<br><br>Defendants. | Case No. 09-34462-C-7<br><br>Adv. Proc. 09-02589<br><br>DCN: P&A - 1<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST WAP RECOVERY, INC. AND SERVICE FINANCE COMPANY, LLC**<br><br>Date: May 11, 2010<br>Time: 9:30 a.m.<br>Dept: C<br>Courtroom: 35<br>Location: Robert T. Matsui United States Courthouse, 501 I Street, Sixth Floor Sacramento, CA 95814<br><br>Judge: Hon. Christopher C. Klein |

Debtors and Plaintiffs Derrick and Paula Lisa Jackson (hereinafter referred to as the "Plaintiffs") do hereby respectfully submit this Memorandum

Page 1 of 14

number 09-34462-C-7. See **Exhibit 1** to the Separate List of Exhibits filed concurrently herewith, page 3. [See ¶ 2 of the Statement of Undisputed Facts filed concurrently herewith]

    3.    Plaintiffs prepared and filed their Schedules of Assets and Liabilities in a timely manner, pursuant to 11 United States Code 521. It is respectfully requested that the Court take judicial notice of the Schedules of Assets and Liabilities filed by the Plaintiffs on July 13, 2009, docket entry number 1 of case number 09-34462-C-7. See **Exhibit 1** to the Separate List of Exhibits filed concurrently herewith. [See ¶ 3 of the Statement of Undisputed Facts filed concurrently herewith]

    4.    Plaintiffs prepared and filed a Statement of Intention in a timely manner. It is respectfully requested that the Court take judicial notice of the Statement of Intention filed by the Plaintiffs on July 13, 2009, docket entry number 1 of case number 09-34462-C-7. See **Exhibit 1** to the Separate List of Exhibits filed concurrently herewith. [See ¶ 4 of the Statement of Undisputed Facts filed concurrently herewith]

    5.    Service Finance was listed on Schedule D - Creditors Holding Secured Claims. The Schedule D discloses that Service Finance has the "car loan 2007 Dodge Caliber". It is respectfully requested that the Court take judicial notice of Schedule D filed by the Plaintiffs on July 13, 2009, docket entry number 1 of case number 09-34462-C-7. See **Exhibit 1** to the Separate List of Exhibits filed concurrently herewith, page 17. [See ¶ 5 of the Statement of Undisputed Facts filed concurrently herewith]

    6.    Within the Schedule C field with the Bankruptcy Court on July 13, 2009, the Plaintiffs claimed the 2007 Dodge Caliber as exempt in the amount of $7745.00. It is respectfully requested that the Court take judicial

notice of Schedule C filed by the Plaintiffs on July 13, 2009, docket entry number 1 of case number 09-34462-C-7. See **Exhibit 1** to the Separate List of Exhibits filed concurrently herewith, page 16. [See ¶ 6 of the Statement of Undisputed Facts filed concurrently herewith]

7.  Upon the filing of the Chapter 7 Case, the Caliber and all property of the Plaintiffs became property of the estate by operation of law pursuant to Section 541(a) of Title 11 of the United States Code. [See ¶ 7 of the Statement of Undisputed Facts filed concurrently herewith]

8.  Upon the filing of the Chapter 7 Case the Caliber and all property of the Plaintiffs became protected by the Automatic Stay of Section 362(a) of Title 11 of the United States Code. [See ¶ 8 of the Statement of Undisputed Facts filed concurrently herewith]

9.  No property of the estate in the Jackson Bankruptcy Case has ever been abandoned by the Chapter 7 Trustee. It is respectfully requested that the Court take judicial notice of the entire docket fo case number 09-34462-C-7. [See ¶ 9 of the Statement of Undisputed Facts filed concurrently herewith]

10. Pursuant to Section 362(c)(1) of Title 11 of the United States Code, ". . . the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." [See ¶ 10 of the Statement of Undisputed Facts filed concurrently herewith]

11. On July 14, 2009, this Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." Pursuant to said document, which shall hereinafter be referred to as the "Notice," creditors were advised that Plaintiffs had filed the Chapter 7 Case and that the

Automatic Stay was in effect. It is respectfully requested that the Court take judicial notice of the Notice, docket entry number 9 of case number 09-34462-C-7. See **Exhibit 2** to the Separate List of Exhibits filed concurrently herewith, pages 67-69 inclusive. [See ¶ 11 of the Statement of Undisputed Facts filed concurrently herewith]

12. On August 5, 2009, Plaintiffs filed their Amended Summary of Schedules and Amended Schedules B and C. It is respectfully requested that the Court take judicial notice of Schedule D filed by the Plaintiffs on July 13, 2009, docket entry number 13 of case number 09-34462-C-7. See **Exhibit 3** to the Separate List of Exhibits filed concurrently herewith, pages 70-75, inclusive. [See ¶ 12 of the Statement of Undisputed Facts filed concurrently herewith]

13. The First Meeting of Creditors was scheduled for and was actually held and concluded on August 21, 2009. It is respectfully requested that the Court take judicial notice of the Notice, docket entry number 9 of case number 09-34462-C-7, and unnumbered docket entry between docket entry numbers 15 and 6 of case number 09-34462-C-7. [See ¶ 13 of the Statement of Undisputed Facts filed concurrently herewith]

14. On September 4, 2009, sometime in the middle of the night, WAP Recovery, Inc. repossessed Plaintiffs' Caliber from their home. In its Answer to the Amended Complaint, paragraph 46, WAP Recovery, Inc. admits that it repossessed the Dodge Caliber on September 4, 2009. It is respectfully requested that the Court take judicial notice of the Answer filed by WAP Recovery, Inc., docket entry number 31 of Adversary Proceeding number 09-02589. [See ¶ 14 of the Statement of Undisputed Facts filed concurrently herewith]

15. Service Finance never sought from this Court, nor did it ever obtain, relief from the Automatic Stay which went into effect on July 13, 2009. It is respectfully requested that the Court take judicial notice of the entire Court's docket, case number 09-34462-C-7. [See ¶ 15 of the Statement of Undisputed Facts filed concurrently herewith]

16. WAP Recovery never sought from this Court, nor did it ever obtain, relief from the Automatic Stay which went into effect on July 13, 2009. It is respectfully requested that the Court take judicial notice of the entire Court's docket, case number 09-34462-C-7. In its Answer to the Amended Complaint, paragraph 54, WAP Recovery, Inc. admits that it did not contact the Court regarding the Automatic Stay prior to repossession of the Caliber. It is respectfully requested that the Court take judicial notice of the Answer filed by WAP Recovery, Inc., docket entry number 31 of Adversary Proceeding number 09-02589. [See ¶ 16 of the Statement of Undisputed Facts filed concurrently herewith]

17. September 4, 2009 was only fourteen (14) calendar days after the First Meeting of Creditors held under Section 341(a) of Title 11 of the United States Code. It is respectfully requested that the Court take judicial notice of the Calendar for the year 2009. See **Exhibit 4** to the Separate List of Exhibits filed concurrently herewith. [See ¶ 17 of the Statement of Undisputed Facts filed concurrently herewith]

18. Prior to the repossession, WAP Recovery did not contact the Plaintiffs to give them an opportunity to remove their personal property from the 2007 Dodge Caliber. In its Answer to the Amended Complaint, paragraph 49, WAP Recovery, Inc. admits that it did not contact Plaintiffs prior to repossessing the Dodge Caliber on September 4, 2009. It is

respectfully requested that the Court take judicial notice of the Answer filed by WAP Recovery, Inc., docket entry number 31 of Adversary Proceeding number 09-02589. [See ¶ 18 of the Statement of Undisputed Facts filed concurrently herewith]

19. Service Finance has never filed a Proof of Claim in case number 09-34462-C-7. It is respectfully requested that the Court take judicial notice of the Claims Register for case number 09-34462-C-7. [See ¶ 19 of the Statement of Undisputed Facts filed concurrently herewith]

20. WAP Recovery has never filed a Proof of Claim in case number 09-34462-C-7. It is respectfully requested that the Court take judicial notice of the Claims Register for case number 09-34462-C-7. [See ¶ 20 of the Statement of Undisputed Facts filed concurrently herewith]

## ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered . . . where there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Summary judgment procedures are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 of the Federal Rules of Civil Procedure is fully incorporated by and made applicable to this Adversasry Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

///
///
///
///

**B. AS A MATTER OF LAW, THE AUTOMATIC STAY APPLIED TO THE DODGE CALIBER AND TO ALL OF THE PERSONAL PROPERTY OF THE PLAINTIFFS AND/OR THE CHAPTER 7 ESTATE ON SEPTEMBER 4, 2009**

The Automatic Stay is found within Section 362(a) of Title 11 of the United States Code. Specifically, the statute provides as follows:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of –
>
> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . . .

Pursuant to 11 U.S.C § 362(d), a party in interest may request relief from the Automatic Stay after notice and a hearing. However, neither WAP Recovery nor Service Finance sought relief from the Automatic Stay. As a result, the Automatic Stay was in effect as to the Dodge Caliber on September 4, 2009 unless some other provision of the law permitted an exemption to the Automatic Stay. Plaintiffs posit that no such other exemption existed.

Relying on a incomplete analysis of 11 U.S.C. section 362(h), the

Defendants will likely argue that the Automatic Stay was terminated as a result of the provisions of 11 U.S.C. § 362(h)(1)(A). However, such a position is untenable since it fails to take into account the entire statute and the fact that the conditions for termination of the Automatic Stay found in section 362(h)(1)(A) and 362(h)(1)(B) are connected by the conjunctive not the disjunctive. The Defendants' interpretation of the statute would read "or" in place of the clear language of the statute which uses the word "and".

The provisions of 11 U.S.C. § 362(h) reads as follows:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate **if the debtor fails within the applicable time set by section 521(a)(2) --**
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; **and**
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms. (Emphasis added.)

First of all, as to property of the Plaintiffs and/or of their Chapter 7 estate other than the Caliber, section 362(h) would simply not apply because other than the Caliber, the personal property of the estate or the Plaintiffs did not secure a claim, in whole or in part. Thus, no argument can be made

that the Automatic Stay had been terminated as to personal property of the estate or of the Plaintiffs other than the Caliber.

As to the Caliber, it is respectfully submitted that the Automatic Stay did not terminate pursuant to section 362(h).

The Automatic Stay will terminate in regard to "personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease," if and only if the debtor fails to meet the requirements of **both** § 362(h)(1)(A) and § 362(h)(1)(B) as the elements of § 362(h)(1)(A) and § 362(h)(1)(B) are stated in the **conjunctive.** Thus, for the Automatic Stay to terminate as to the Caliber, **both elements must be satisfied**.

In the case of *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292 (9th Cir. 1995), "[a] statute should be read to give meaning to all of its parts." (citing *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991). The court in *In re First Magnus Financial Corp.*, 390 B.R. 667 (Bkrtcy.D.Ariz.,2008) stated that: "[t]he cornerstone principle of statutory construction is that, 'where... the statute's language is plain, the sole function of the courts is to enforce it according to its terms.' " (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989), and "'[a]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.'" (390 B.R. 667, quoting *Id.* at 240-41).

Furthermore, the *In re First Magnus Financial Corp.* court held: "[t]he 'plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' " (390 B.R. 667,

quoting *Id.* at 242)

The *In re First Mangus Financial Corp.* case Bankruptcy Judge James M. Marlar, went on to analyze a statute which, similar to 11 U.S.C. section 362(h)(1)(A) and (B), contains the conjunctive word, "and":

> **"'And' is a common term in English, which means 'together or along with: as well as-used to connect words, phrases or clauses that have the same grammatical function in a construction.'** Webster's II New Riverside University Dictionary (1984). 390 B.R. 667, 676. (Emphasis added).

Judge Marlar goes on to state:

> **'Statutory phrases separated by the word 'and' are usually to be interpreted in the conjunctive.'** *Id.* (Emphasis added). (quoting 1A Sutherland, supra, § 21:14).

In interpreting section 503(b)(1)(A)(i) and (ii), which are connected by the word "and", Judge Marlar found that "...both parts of the subsections must exist in order for a claimant to be entitled to an administrative expense." *Id.* at 677. Similarly, in this case, this Court must find that the Automatic Stay is terminated under section 362(h)(1) if both subsection (A) and (B) apply.

In this case, Plaintiffs, acting in pro se, timely filed a Statement of Intention, but arguably, the Statement of Intention required by § 521(a)(2) was not properly filled out. However, it is made clear and unambiguous by 362(h)(1)(B) that Plaintiffs had the right to amend the Statement of Intention before expiration of the period for taking action. Thus, for the Automatic Stay to terminate as to the Dodge Caliber, **both elements must be satisfied** of 11 U.S.C. section 362(h)(1)(A) and (B) as according to the principles of statutory construction.

The period for taking action is set forth in 11 U.S.C. § 521(a)(2)(B), which reads, **"within 30 days after the first date set for the meeting of**

**creditors under section 341(a) or within such additional time as the court, for cause, within such 30- day period fixes**, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph". (Emphasis added). Thus, pursuant to § 362(h)(1)(B), Plaintiffs could have amended their Statement of Intention for the first thirty days after the first date set for the Meeting of Creditors under 341(a) or within such additional time as the court, for cause, within such 30- day period fixes.

As previously noted, the first day set for the Meeting of Creditors was August 21, 2009. **Plaintiffs could therefore have amended their Statement of Intention and timely taken the actions set forth in such Statement of Intention at least through September 20, 2009.** It is respectfully requested that the Court take judicial notice that September 20, 2009 was a Sunday; therefore, pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, Plaintiffs had at least until Monday, September 21, 2009 to amend their Statement of Intentions and to take the actions set forth in their Statement of Intentions. Under the plain meaning of section 521(a)(2)(B) of the Bankruptcy Code, the Plaintiffs could have also sought an extension of time from the Court within that thirty day period, thereby elongating the period by which performance was required.

The Caliber was repossessed on September 4, 2009, only fourteen days after the first day set for the First Meeting of Creditors. The **earliest date by which the Automatic Stay would have terminated as to the Caliber was September 21, 2009**, but the Caliber was repossessed on September 4, 2009, when it was still property of the Estate to which the Automatic Stay applies. Thus, it is respectfully submitted that there are no genuine

issues of material fact and, as a matter of law, the Automatic Stay was in effect as to the Dodge Caliber on September 4, 2009.

Additionally, there are no genuine issues of material fact that the Automatic Stay was in effect as to all of the personal property of the Plaintiffs pursuant to 11 U.S.C. section 362.

## CONCLUSION

Plaintiffs could have amended their Statement of Intention and timely taken the actions set forth in such Statement of Intention at least through September 21, 2009 pursuant to 11 U.S.C. section 362(h)(1)(B) and 11 U.S.C. section 521(a)(2)(B).

When read in its entirety, section 362(h) cannot be interpreted to mean that the Automatic Stay terminates merely because the Plaintiffs failed to properly fill out the Statement of Intention because the Plaintiffs had the ability to amend the Statement of Intention under section 362(h)(1)(B). Any other interpretation of the statute would render the provisions of section 362(h)(1)(B) meaningless.

In this case, the Automatic Stay would have continued in effect until the expiration of the time to perform the intention, pursuant to section 521(a)(2)(B), which would have been at least thirty days after the first date set for the Meeting of Creditors, unless otherwise extended by the Court.

///
///
///
///
///

As a result, it is respectfully submitted that there are no genuine issues of material fact and that Plaintiffs are entitled to Partial Summary Judgment that as a matter of law, the Automatic Stay of 11 U.S.C. section 362 applied to the 2007 Dodge Caliber and to all property owned by the Plaintiffs and/ or their Chapter 7 Estate on September 4, 2009, when the 2007 Dodge Caliber was repossessed by WAP Recovery, Inc in willful violation of the Automatic Stay.

Dated: March 26, 2010					**PINO & ASSOCIATES**

By: _____
Estela O. Pino,
Special Counsel
for Derrick and Paula Lisa Jackson