12
MARK S. TRATTEN (SBN 119330)
NOU LEE (SBN 262978)
ERICKSEN ARBUTHNOT
100 Howe Avenue, Suite 110 South
Sacramento, CA 95825
(916) 483-5181

Attorneys for Defendant/Cross-Claimant/Cross-Defendant,
WAP RECOVERY, INC.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In Re | Case No.: 09-34462-C-7 |
| | Adv. Proc. No. 09-02589-C |
| DERRICK JACKSON and PAULA LISA JACKSON, | DC No.: EA-2 |
| Debtors. | **WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR** |
| DERRICK JACKSON and PAULA LISA JACKSON, | **ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF** |
| Plaintiffs, | **POINTS AND AUTHORITIES IN** |
| v. | **SUPPORT THEREOF** |
| SERVICE FINANCE COMPANY, LLC; WAP RECOVERY, INC.; and FIRST INVESTORS SERVICING CORP., | |
| | Date: January 18, 2011 |
| | Time: 9:30 a.m. |
| Defendants. | Dept: C/Courtroom 35 |
| | Judge: The Hon. Christopher Klein |
| AND RELATED CROSS-ACTIONS | |

Defendant WAP Recovery, Inc. ("WAP Recovery") hereby moves this Court for summary judgment or adjudication of Plaintiffs Derrick and Paula Jackson's ("Plaintiffs") claims in the First Amended Complaint, alleged against WAP Recovery, on the grounds that

---

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE
PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 1

10-011/Jackson/mstpld.

there is no genuine issue as to any material fact and WAP Recovery is entitled to judgment as a matter of law as to each of Plaintiffs' claims.

WAP Recovery submits the following memorandum of points and authorities.

## I.

## STATEMENT OF UNDISPUTED FACTS

On 7/13/09, Plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case number 09-34462-C-7, in the Eastern District of California, Sacramento Division. (UF 1.) Plaintiffs filed their Schedules of Assets and Liabilities concurrently with their bankruptcy petition. (UF 2.) On Plaintiffs' "Schedule D-Creditors Holding Secured Liens", they indicated that their 2007 Dodge Caliber ("Caliber") secured a loan by Service Finance Company in the amount of $21,680. (UF 3.)

On 7/13/09, Plaintiffs also filed a Chapter 7 Individual Debtor's Statement of Intention. (UF 4.) On their Statement of Intention, however, Plaintiffs did not list Service Finance as a creditor and did not indicate that their Caliber secured a debt with Service Finance. (UF 5.) In fact, Plaintiffs did not list any creditors and did not describe any property securing a debt in their Statement of Intention. (UF 6.) All Plaintiffs wrote was "N/A" in the boxes designated for "Creditor's Name" and "Lessor's Name" on their Statement of Intention. (UF 7.)

By 8/12/09, 30 days after filing their bankruptcy petition, Plaintiffs had not filed a statement of intention with respect to the retention or surrender of the Caliber and had not requested the Court for additional time to do so. (UF 8.) Plaintiffs' meeting of the creditors occurred on 8/21/09. (UF 9.)

WAP Recovery is a licensed repossession agency in the State of California. (UF 10.) On or about 8/31/09, WAP Recovery received Work Order #7849 from Lender Recovery Services for the repossession of Plaintiffs' Caliber. (UF 11.) The work order indicated that the Caliber "is not covered under BK", and instructs WAP Recovery, "DO NOT make contact with the debtor". (UF 12.) WAP Recovery received Lender Recovery Services' work order with a copy of an email, sent from attorney Gary L. Fertig on 8/26/09 to Michael Primavera of Service

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 2

10-011/Jackson/mstpld.

Finance Company, wherein Mr. Fertig concludes that, "under Bankruptcy Code Section 362(h), the automatic stay terminated by operation of law with respect to the [Caliber] and it is no longer property of the estate because the Debtors failed to timely file the required Statement of Intention with respect to the secured vehicle." (UF 13.) As such, WAP Recovery in good faith believed that, pursuant to section 362(h), the automatic stay had terminated with respect to the Caliber and it was no longer property of Plaintiffs' bankruptcy estate. (UF 14.)

On 9/4/09, at around 2:15 a.m., WAP Recovery repossessed Plaintiffs' Caliber. (UF 15.) Per the instructions on the work order from Lender Recovery Services, WAP Recovery did not make contact with Plaintiffs prior to repossessing the vehicle. (UF 16.) In order to effectuate repossession of the Caliber in a safe manner and to protect Plaintiffs' personal effects, Plaintiffs' personal belongings inside the Caliber were taken by WAP Recovery along with the Caliber. (UF 17.)

On 9/14/09, Plaintiffs, in pro se, filed a complaint in this adversary proceeding, seeking sanctions against Service Finance for violation of the automatic stay. (UF 18.) Plaintiffs were discharged from bankruptcy on 10/26/09. (UF 19.)

On 11/23/09, Plaintiffs, by and through their attorney, filed a First Amended Complaint in this adversary proceeding. (UF 20.) In their First Claim for Relief, Plaintiffs seek enforcement of the automatic stay as to WAP Recovery. (UF 21.) Plaintiffs allege that WAP Recovery's repossession of the Caliber, and taking of other personal property belonging to the bankruptcy estate on 9/4/09, constitutes a willful violation of the automatic stay pursuant to 11 USC § 362(a). (UF 22.) In their Third Claim for Relief, Plaintiffs seek actual and punitive damages against WAP Recovery for willful violation of the automatic stay, pursuant to 11 USC § 362(k). (UF 23.) Plaintiffs are also making a claim for attorney fees incurred in connection with the prosecution of this adversary proceeding. (UF 24.)

## II.

## LEGAL AUTHORITY

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 3

10-011/Jackson/mstpld.

Summary judgment should be rendered when, after an adequate period for discovery, the summary judgment record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue and may partially adjudicate issues of fact or liability. Fed. R. Civ. P. 56(d). In resolving a motion for summary adjudication, the court will apply the same standards and criteria used for evaluating full motions for summary judgment. *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998).

Summary judgment and adjudication procedures are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 of the Federal Rules of Civil Procedure are incorporated by and made applicable to this adversary proceeding by Rule 7056 of Federal Rules of Bankruptcy Procedure.

### III.

### LEGAL ARGUMENT

**A. PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST WAP RECOVERY FOR "ENFORCEMENT OF THE AUTOMATIC STAY" MUST FAIL BECAUSE WAP RECOVERY REPOSSESSED PLAINTIFFS' CALIBER AFTER THE AUTOMATIC STAY HAD TERMINATED AS TO THE CALIBER AND THE CALIBER WAS NO LONGER PROPERTY OF PLAINTIFF'S BANKRUPTCY ESTATE.**

In their First Claim for Relief, Plaintiffs seek enforcement of the automatic stay as to WAP Recovery. (UF 21.) Plaintiffs allege that WAP Recovery's repossession of the Caliber, and taking of other personal property belonging to the bankruptcy estate on 9/4/09, constitutes a willful violation of the automatic stay pursuant to 11 USC § 362(a). (UF 22.)

Pursuant to section 362(a)(3) of the Bankruptcy Code, the filing of a Chapter 7 petition for bankruptcy relief operates as a stay of any act, by any entity, to obtain possession of property of the debtor's bankruptcy estate or to exercise control over property of the debtor's

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 4

10-011/Jackson/mstpld.

bankruptcy estate. 11 USC § 362(a)(3). Protection of the automatic stay, as provided by section 362(a), is terminated, however, upon the occurrence or non-occurrence of specified events. Section 362(h)(1) of the Bankruptcy Code provides, in pertinent part:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) --
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1)(A)-(B). Section 521(a)(2) requires that, if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate (as was the case with Plaintiffs here) the debtor shall:

> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of the creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>
> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 5

10-011/Jackson/msptpld.

such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph...

See 11 U.S.C. § 521(a)(2)(A)-(B). Pursuant to section 521(a)(2)(A), a Chapter 7 debtor has thirty days to file a statement of intention indicating whether he intends to surrender or retain property secured by a lien, and if he intends to retain such property, the debtor has two choices: to either reaffirm the debt or to redeem the property. Alone, non-compliance with section 521(a)(2)(A) has no effect, but when read in conjunction with section 362(h)(1)(A), the effect of not complying with section 521(a)(2)(A) is termination of the automatic stay.

In *Dumont v. Ford Motor Credit*, 581 F.3d 1104, 1114-1115 (9th Cir. 2009), the court recognized that:

> Section 362(h)(1)(A) makes clear that the debtor now has two duties with respect to the statement of intention. As before, the debtor must "file timely any statement of intention required under 521(a)(2)." *Id*. But now, he must "indicate in such statement that" he will do one of four things: surrender, redeem, reaffirm, or assume an unexpired lease. *Id*. To be specific, he must indicate "either" surrender "or" retention; if he chooses the latter, he must indicate "either" redemption, reaffirmation, "or" assumption.

In *Dumont*, the Ninth Circuit Court of Appeals held:

> Thus, while Dumont filed a statement of intention, and properly stated that she intended to retain [her automobile], **she failed to indicate one of the three permissible means of doing so. Accordingly, the automatic stay was terminated with respect to her automobile.** Furthermore, the automobile was no longer property of the estate.

*Id*. at 1114 [emphasis added]. Essentially, the Ninth Circuit Court of Appeals held in *Dumont* that the automatic stay was terminated with respect to Dumont's automobile because Dumont failed to timely file a proper statement of intention as required under section 521(a)(2)(A) of the Bankruptcy Code. This conforms with other courts' interpretation of sections 362(h)(1) and 521(a)(2)(A) of the Bankruptcy Code. See *In re Espey*, 347 B.R. 785, 787 (M.D. Fl. 2006) [holding that if the debtor fails to state his intention under 11 U.S.C. § 521(a)(2)(A), **or** if the debtor fails to act under 11 U.S.C. § 521(a)(2)(B), then the automatic

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 6

10-011/Jackson/mslpld.

stay imposed by 11 U.S.C. § 362(a) is terminated pursuant to 11 U.S.C. § 362(h)(1)(A) or (B).]; See also *In re Boring*, 346 B.R. 178, 181 (N.D. W.V. 2006) [holding that, **while the debtor filed a timely statement of intention, the debtor's failure to affirmatively indicate whether she intended to reaffirm the underlying obligation, redeem the collateral, or surrender the collateral caused the automatic stay to terminate 30 days after the petition date**]; See also *In re Craker*, 337 B.R. 549, 551 (M.D N.C 2006) [holding that, **where the debtor filed a timely statement of intention with respect to the debtor's vehicle, but failed to indicate one of the options set forth in § 362(h)(1), the automatic stay terminated with regard to the vehicle 30 days after the petition date**].

Here, Plaintiffs did not even do as much as the debtor in *Dumont*. On their Statement of Intention, Plaintiffs did not list Service Finance as a creditor and did not indicate that their Caliber secured a debt with Service Finance. (UF 5.) In fact, Plaintiffs did not list any creditors and did not describe any property securing a debt in their Statement of Intention. (UF 6.) All Plaintiffs wrote was "N/A" in the boxes designated for "Creditor's Name" and "Lessor's Name" on their Statement of Intention. (UF 7.) Plaintiffs essentially filed a blank statement of intention.

Pursuant to sections 362(h)(1)(A) and 521(a)(2)(A), Plaintiffs were required to file a statement of intention with respect to the retention or surrender of the Caliber within 30 days of filing for bankruptcy, or on or before the date of the meeting of the creditors, whichever date was earlier. Here, the 30th day after Plaintiffs' bankruptcy filing was 8/12/09. (RJN 5.) Plaintiffs' meeting of the creditors occurred on 8/21/09. (UF 9.) The earlier of these two dates is 8/12/09. Therefore, Plaintiffs had up until 8/12/09 to file a statement of intention with respect to the retention or surrender of the Caliber.

By 8/12/09, 30 days after filing their bankruptcy petition, however, Plaintiffs had not filed a statement of intention with respect to the retention or surrender of the Caliber and had not requested the Court for additional time to do so. (UF 8.) Thus, pursuant to sections 362(h)(1)(A) and 521(a)(2)(a) and *Dumont*, the automatic stay terminated as to the Caliber, and

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 7

10-011/Jackson/mstpld.

the Caliber ceased to be property of Plaintiffs' bankruptcy estate on 8/13/09, the 31st day after Plaintiffs' 7/13/09 bankruptcy filing.

WAP Recovery repossessed Plaintiffs' Caliber on 9/4/09, at around 2:15 a.m. (UF 15.) Per the instructions on the work order from Lender Recovery Services, WAP Recovery did not make contact with Plaintiffs prior to repossessing the vehicle. (UF 16.) In order to effectuate repossession of the Caliber in a safe manner and to protect Plaintiffs' personal effects, Plaintiffs' personal belongings inside the Caliber were taken by WAP Recovery along with the Caliber[1]. (UF 17.)

Here, the undisputed facts demonstrate that WAP Recovery's repossession of the Caliber and incidental taking of Plaintiffs' personal effects did not occur until **after** the automatic stay had terminated as to the Caliber and the Caliber was no longer property of Plaintiffs' bankruptcy estate. As such, WAP Recovery's repossession of the Caliber and incidental taking of Plaintiffs' personal effects was not a violation of the automatic stay. Plaintiffs, therefore, are not entitled to enforcement of the protections of the automatic stay as against WAP Recovery. Plaintiffs' First Claim for Relief for "Enforcement of the Automatic Stay" must fail.

**B. PLAINTIFFS' THIRD CLAIM FOR RELIEF AGAINST WAP RECOVERY FOR "ACTUAL AND PUNITIVE DAMAGES ARISING FROM WILLFUL VIOLATION OF 11 USC § 362(a)" MUST FAIL.**

In their Third Claim for Relief, Plaintiffs seek actual and punitive damages against WAP Recovery for willful violation of the automatic stay, pursuant to 11 USC § 362(k). (UF 23.)

**1. WAP Recovery's Repossession of the Caliber and Incidental Taking of Plaintiffs' Personal Effects on 9/4/09 Was Not a Violation of the Automatic Stay.**

---

[1] Under California Law, repossessors are not prohibited in the using or taking of personal effects that are connected, adjoined, or affixed to the collateral through an unbroken sequence, if that use or taking is reasonably necessary to effectuate the recovery in a safe manner or to protect the collateral or personal effects. See Cal. Bus. and Prof. Code § 7505.2.

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 8

10-011/Jackson/mstpld.

As set forth above in Section A of this Memorandum, WAP Recovery's repossession of Plaintiffs' Caliber and incidental taking of Plaintiffs' personal effects on 9/4/09 was not a violation of the automatic stay because the automatic stay, with respect to the Caliber, terminated on 8/13/09 pursuant 11 USC § 362(h)(1)(A) and 521(a)(2)(A). Thus, Plaintiffs' Third Claim for Relief, alleged against WAP Recovery for "Actual and Punitive Damages Arising from Willful Violation of 11 USC § 362(a)" must fail.

> 2. **Even if WAP Recovery's Repossession of the Caliber and Incidental Taking of Plaintiffs' Personal Effects on 9/4/09 Was a Violation of the Automatic Stay, Which it Was Not, Plaintiffs' Recovery from WAP Recovery, If Any, Will be Limited to Actual Damages Because WAP Recovery Repossessed the Caliber With the Good Faith Belief that § 362(h) Applied to the Plaintiff Debtors.**

Section 362(k) of the Bankruptcy Code provides:

> (1) Except as provided in paragraph (2), an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

On or about 8/31/09, WAP Recovery received Work Order #7849 from Lender Recovery Services for the repossession of Plaintiffs' Caliber. (UF 11.) The work order indicated that the Caliber "is not covered under BK", and instructs WAP Recovery, "DO NOT make contact with the debtor". (UF 12.) WAP Recovery received Lender Recovery Services' work order with a copy of an email, sent from attorney Gary L. Fertig on 8/26/09 to Michael Primavera of Service Finance Company, wherein Mr. Fertig concludes that, "under Bankruptcy Code Section 362(h), the automatic stay terminated by operation of law with respect to the [Caliber] and it is no longer property of the estate because the Debtors failed to timely file the required Statement of Intention with respect to the secured vehicle." (UF 13.) As such, WAP

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 9

10-011/Jackson/mstpld.

Recovery in good faith believed that, pursuant to section 362(h), the automatic stay had terminated with respect to the Caliber and it was no longer property of Plaintiffs' bankruptcy estate. (UF 14.)

Here, the undisputed facts indicate that WAP Recovery repossessed Plaintiffs' Caliber according to the instructions on a work order it received from Lender Recovery Services. In addition to the work order, WAP Recovery received from Lender Recovery Services a copy of an email by an attorney, advising that, pursuant to section 362(h) of the Bankruptcy Code, the automatic stay had terminated with respect to Plaintiffs' Caliber and it was no longer property of Plaintiffs' bankruptcy estate. Acting upon the advice of Service Finance's attorney, WAP Recovery repossessed Plaintiffs' Caliber with the good faith belief that section 362(h) applied to the Plaintiff Debtors. Plaintiffs, therefore, cannot recover punitive damages against WAP Recovery under section 362(k). Plaintiffs' recovery against WAP Recovery, if any, will be limited to actual damages.

**3.  Even if WAP Recovery's Repossession of the Caliber and Incidental Taking of Plaintiffs' Personal Effects on 9/4/09 Was a Violation of the Automatic Stay, Which it Was Not, Plaintiffs Cannot Recover Attorney Fees Incurred in Connection With the Prosecution of This Adversary Proceeding.**

Plaintiffs are also making a claim for attorney fees incurred in connection with the prosecution of this adversary proceeding. (UF 24.) However, Plaintiffs cannot recover attorney fees in this case.

A plaintiff can recover, as actual damages, only those attorney fees related to enforcing the automatic stay and remedying a stay violation, and not the attorney fees incurred in prosecuting an adversary proceeding in which he pursues his damages claim. 11 USC § 362(k)(1); See generally *Sternberg v. Johnston*, 595 F.3d 937 (9th Circ. 2009).

In *Sternberg, supra*, where the defendant willfully violated the bankruptcy automatic stay, plaintiff's recovery of attorney fees was limited to only those fees incurred in preventing the defendant's violation and did not include those fees incurred in prosecuting the violation.

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 10

10-011/Jackson/msrpld.

*Id.* at 948. In *Sternberg*, the Court held that, "a damages action for a stay violation is akin to an ordinary damages action, for which attorney fees are not available under the American Rule." *Id.* The *Sternberg* holding was based on the reasoning that, "Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for "actual damages" under § 362(k)(1). Under the American Rule, a plaintiff cannot ordinarily recover attorney fees spent to correct a legal injury as part of his damages, even though it could be said he is not made whole as a result." *Id.* at 947, citing *Restatement (Second) of Torts* § 914(1) (1979) ["The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation."].

Here, in their First Claim for Relief, Plaintiffs seek enforcement of the automatic stay as to WAP Recovery. (UF 21.) Plaintiffs allege that WAP Recovery's repossession of the Caliber, and taking of other personal property belonging to the bankruptcy estate on 9/4/09, constitutes a willful violation of the automatic stay pursuant to 11 USC § 362(a). (UF 22.) In their Third Claim for Relief, Plaintiffs seek actual and punitive damages against WAP Recovery for willful violation of the automatic stay, pursuant to 11 USC § 362(k). (UF 23.)

Here, the alleged violation of the automatic stay has already occurred. It is undisputed that Plaintiffs are bringing this adversary proceeding not to enforce the automatic stay by preventing a violation, but rather to recover damages for an alleged past violation of the automatic stay. As such, Plaintiffs cannot recover any attorney fees incurred in the prosecution of this adversary proceeding.

## IV.

## **CONCLUSION**

The undisputed facts above demonstrate that WAP Recovery's repossession of Plaintiffs' Caliber and incidental taking of Plaintiffs' personal effects did not occur until after the automatic stay had terminated as to the Caliber and the Caliber was no longer property of Plaintiffs' bankruptcy estate. As such, Plaintiffs cannot establish their First Claim for Relief for "Enforcement of the Automatic Stay" and Third Claim for Relief for "Actual and Punitive

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 11

10-011/Jackson/mstpld.

Damages Arising from Willful Violation of the Automatic Stay" as alleged against WAP Recovery. Moreover, the undisputed facts in this case demonstrate that Plaintiffs are not entitled to punitive damages and attorney fees as against WAP Recovery. Based on the foregoing, WAP Recovery is entitled to summary judgment or, alternatively, summary adjudication of each of Plaintiffs' claims.

Dated: December 13, 2010

Respectfully submitted,

ERICKSEN ARBUTHNOT

BY: _____
NOU LEE
Attorneys for Defendant/Cross-Claimant/Cross-Defendant,
WAP RECOVERY, INC.

WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Page 12

10-011/Jackson/mstpld.