MARK S. TRATTEN (SBN 119330)
NOU LEE (SBN 262978)
ERICKSEN ARBUTHNOT
100 Howe Avenue, Suite 110 South
Sacramento, CA 95825
(916) 483-5181

Attorneys for Defendant/Cross-Claimant/Cross-Defendant,
WAP RECOVERY, INC.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In Re<br><br>DERRICK JACKSON and PAULA LISA JACKSON,<br><br>　　　　Debtors.<br>_____<br>DERRICK JACKSON and PAULA LISA JACKSON,<br><br>　　　　Plaintiffs,<br>v.<br><br>SERVICE FINANCE COMPANY, LLC; WAP RECOVERY, INC.; and FIRST INVESTORS SERVICING CORP.,<br><br>　　　　Defendants.<br>_____<br>AND RELATED CROSS-ACTIONS<br>_____ | Case No.: 09-34462-C-7<br>Adv. Proc. No. 09-02589-C<br><br>DC No.: EA-2<br><br>**SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS**<br><br>Date: January 18, 2011<br>Time: 9:30 a.m.
Dept: C/Courtroom 35<br>Judge: The Hon. Christopher Klein |

Defendant WAP Recovery, Inc. hereby submits the following Statement of Undisputed Facts pursuant to Local Rule 7056-1(a) in support of its motion for summary judgment or adjudication with respect to Plaintiffs' First and Third Claims for Relief.

///

---

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AGAINST THE PLAINTIFFS　　　　Page 1
10-011/Jackson/mstpld.

| No. | UNDISPUTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE |
|---|---|---|
| 1. | On 7/13/09, Plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case number 09-34462-C-7, in the Eastern District of California, Sacramento Division.<br><br>(See Voluntary Petition attached as **Exhibit "A"** to RJN.) | |
| 2. | Plaintiffs filed their Schedules of Assets and Liabilities concurrently with their bankruptcy petition.<br><br>(See Docket Report for case no. 09-34462-C-7 attached as **Exhibit "B"** to RJN) | |
| 3. | On Plaintiffs' "Schedule D-Creditors Holding Secured Liens", they indicated that their 2007 Dodge Caliber ("Caliber") secured a loan by Service Finance Company in the amount of $21,680.<br><br>(See Schedule D-Creditors Holding Secured Liens for case no. 09-34462-C-7 attached as **Exhibit "C"** to RJN.) | |
| 4. | On 7/13/09, Plaintiffs also filed a Chapter 7 Individual Debtor's Statement of Intention.<br><br>(See Docket Report for case no. 09-34462-C-7 attached as **Exhibit "B"** to RJN) | |
| 5. | On their Statement of Intention, however, Plaintiffs did not list Service Finance as a creditor and did not indicate that their Caliber secured a debt with Service Finance.<br><br>(See Statement of Intention for case no. 09-34462-C-7 attached as **Exhibit "D"** to RJN.) | |

| | | |
|---|---|---|
| 6. | In fact, Plaintiffs did not list any creditors and did not describe any property securing a debt in their Statement of Intention.<br><br>(See Statement of Intention for case no. 09-34462-C-7 attached as **Exhibit "D"** to RJN.) | |
| 7. | All Plaintiffs wrote was "N/A" in the boxes designated for "Creditor's Name" and "Lessor's Name" on their Statement of Intention.<br><br>(See Statement of Intention for case no. 09-34462-C-7 attached as **Exhibit "D"** to RJN.) | |
| 8. | By 8/12/09, 30 days after filing their bankruptcy petition, Plaintiffs had not filed a statement of intention with respect to the retention or surrender of the Caliber and had not requested the Court for additional time to do so.<br><br>(See Statement of Intention for case no. 09-34462-C-7 attached as **Exhibit "D"** to RJN.) | |
| 9. | Plaintiffs' meeting of the creditors occurred on 8/21/09. (UF 9.)<br><br>(See Docket Report for case no. 09-34462-C-7 attached as **Exhibit "B"** to RJN) | |
| 10. | WAP Recovery is a licensed repossession agency in the State of California.<br><br>(See Decl. of Phillips, ¶ 2.) | |
| 11. | On or about 8/31/09, WAP Recovery received Work Order #7849 from Lender Recovery Services for the repossession of Plaintiffs' Caliber.<br><br>(See Decl. of Phillips, ¶ 3.) | |

| | | |
|---|---|---|
| 12. | The work order indicated that the Caliber "is not covered under BK", and instructs WAP Recovery, "DO NOT make contact with the debtor". (See Decl. of Phillips, ¶ 3.) | |
| 13. | WAP Recovery received Lender Recovery Services' work order with a copy of an email, sent from attorney Gary L. Fertig on 8/26/09 to Michael Primavera of Service Finance Company, wherein Mr. Fertig concludes that, "under Bankruptcy Code Section 362(h), the automatic stay terminated by operation of law with respect to the [Caliber] and it is no longer property of the estate because the Debtors failed to timely file the required Statement of Intention with respect to the secured vehicle." (See Decl. of Phillips, ¶ 4.) | |
| 14. | As such, WAP Recovery in good faith believed that, pursuant to section 362(h), the automatic stay had terminated with respect to the Caliber and it was no longer property of Plaintiffs' bankruptcy estate. (See Decl. of Phillips, ¶ 5.) | |
| 15. | On 9/4/09, at around 2:15 a.m., WAP Recovery repossessed Plaintiffs' Caliber. (See Decl. of Phillips, ¶ 6; See also Decl. of Huft, ¶ 3.) | |
| 16. | Per the instructions on the work order from Lender Recovery Services, WAP Recovery did not make contact with Plaintiffs prior to repossessing the vehicle. (See Decl. of Huft, ¶ 4.) | |
| 17. | In order to effectuate repossession of the Caliber in a safe manner and to protect | |

| | | |
|---|---|---|
| | Plaintiffs' personal effects, Plaintiffs' personal belongings inside the Caliber were taken by WAP Recovery along with the Caliber. (See Decl. of Huft, ¶ 5.) | |
| 18. | On 9/14/09, Plaintiffs, in pro se, filed a complaint in this adversary proceeding, seeking sanctions against Service Finance for violation of the automatic stay. (See 9/14/09 Complaint in case no. 09-34462-C-7 attached as **Exhibit "E"** to RJN.) | |
| 19. | Plaintiffs were discharged from bankruptcy on 10/26/09. (See "Discharge of Debtor" for case no. 09-34462-C-7 attached as **Exhibit "F"** to RJN.) | |
| 20. | On 11/23/09, Plaintiffs, by and through their attorney, filed a First Amended Complaint in this adversary proceeding. (See 11/23/09 First Amended Complaint in case no. 09-34462-C-7 attached as **Exhibit "G"** to RJN.) | |
| 21. | In their First Claim for Relief, Plaintiffs seek enforcement of the automatic stay as to WAP Recovery. (See 11/23/09 First Amended Complaint in case no. 09-34462-C-7 attached as **Exhibit "G"** to RJN.) | |
| 22. | Plaintiffs allege that WAP Recovery's repossession of the Caliber, and taking of other personal property belonging to the bankruptcy estate on 9/4/09, constitutes a willful violation of the automatic stay pursuant to 11 USC § 362(a). | |

| | | |
|---|---|---|
| | (See 11/23/09 First Amended Complaint in case no. 09-34462-C-7 attached as **Exhibit "G"** to RJN.) | |
| 23. | In their Third Claim for Relief, Plaintiffs seek actual and punitive damages against WAP Recovery for willful violation of the automatic stay, pursuant to 11 USC § 362(k).<br><br>(See 11/23/09 First Amended Complaint in case no. 09-34462-C-7 attached as **Exhibit "G"** to RJN.) | |
| 24. | Plaintiffs are also making a claim for attorney fees incurred in connection with the prosecution of this adversary proceeding. (UF 24.)<br><br>(See 11/23/09 First Amended Complaint in case no. 09-34462-C-7 attached as **Exhibit "G"** to RJN.) | |

Dated: December 13, 2010

Respectfully submitted,

ERICKSEN ARBUTHNOT

BY: _____
NOU LEE
Attorneys for defendant WAP RECOVERY, INC.