2
MARK S. TRATTEN (SBN 119330)
NOU LEE (SBN 262978)
ERICKSEN ARBUTHNOT
100 Howe Avenue, Suite 110 South
Sacramento, CA  95825
(916) 483-5181

Attorneys for Defendant/Cross-Claimant/Cross-Defendant,
WAP RECOVERY, INC.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In Re | ) Case No.: 09-34462-C-7 |
| | ) Adv. Proc. No. 09-02589-C |
| DERRICK JACKSON and PAULA LISA JACKSON, | ) |
| | ) DC No.:  EA-2 |
| Debtors. | ) |
| | ) **REQUEST FOR JUDICIAL NOTICE IN** |
| | ) **SUPPORT OF WAP RECOVERY'S** |
| DERRICK JACKSON and PAULA LISA JACKSON, | ) **MOTION FOR SUMMARY JUDGMENT** |
| | ) **OR ADJUDICATION AGAINST THE** |
| Plaintiffs, | ) **PLAINTIFFS** |
| v. | ) |
| | ) |
| SERVICE FINANCE COMPANY, LLC; WAP RECOVERY, INC.; and FIRST INVESTORS SERVICING CORP., | ) |
| | ) |
| Defendants. | ) Date:  January 18, 2011 |
| | ) Time:  9:30 a.m. |
| | ) Dept:  C/Courtroom 35 |
| AND RELATED CROSS-ACTIONS | ) Judge:  The Hon. Christopher Klein |
| | ) |

Defendant WAP Recovery, Inc. hereby requests the Court take judicial notice pursuant to Federal Rules of Evidence 201 of the following:

///

///

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF WAP RECOVERY'S MOTION FOR
SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS        Page 1

10-011/Jackson/mstpld.

1.     Plaintiffs Derrick and Paula Jackson's ("Plaintiffs") 7/13/09 Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code, case number 09-34462-C-7, in the Eastern District of California, Sacramento Division, attached hereto as **Exhibit "A"**.

2.     The Docket Report for case number 09-34462-C-7, attached hereto as **Exhibit "B"**.

3.     "Schedule D-Creditors Holding Secured Liens", for case number 09-34462-C-7, attached hereto as **Exhibit "C"**.

4.     The "Chapter 7 Individual Debtor's Statement of Intention", for case number 09-34462-C-7, attached hereto as **Exhibit "D".**

5.     The 30th day after Plaintiffs' bankruptcy filing was 8/12/09.

6.     Plaintiffs' meeting of the creditors, for case number 09-34462-C-7, occurred on 8/21/09.  (See 8/24/09 Entry in the Docket Report for case number 09-34462-C-7, attached hereto as **Exhibit "B"**.)

7.     The 9/14/09 Complaint filed by the Plaintiffs, adversary proceeding case number 09-02589-C, in the Eastern District of California, Sacramento Division, attached hereto as **Exhibit "E"**.

8.     The "Discharge of Debtor", for case number 09-34462-C-7, attached hereto as **Exhibit "F"**.

9.     The 11/23/09 First Amended Complaint filed by the Plaintiffs, adversary proceeding case number 09-02589-C, in the Eastern District of California, Sacramento Division, attached hereto as **Exhibit "G"**.

Dated:  December 13, 2010

ERICKSEN ARBUTHNOT

BY: _____

NOU LEE
Attorneys for Defendant/Cross-Claimant/Cross-Defendant,
WAP RECOVERY, INC.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF WAP RECOVERY'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION AGAINST THE PLAINTIFFS    Page 2

10-011/Jackson/mstpld.

Exhibit "A"

B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Eastern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Jackson, Derrick | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Jackson, Paula Lisa |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Mercer | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Dillard, and Bush |
| Last four digits of Soc. Sec. or Individual Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>2069 | Last four digits of Soc. Sec. or Individual Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>1902 |
| Street Address of Debtor (No. and Street, Cty, and State):<br>9396 Roan Ranch Circle<br>Elk Grove California,<br>ZIP CODE 95624 | Street Address of Joint Debtor (No. and Street, City, and State):<br>9396 Roan Ranch Circle<br>Elk Grove California,<br>ZIP CODE 95624 |
| County of Residence or of the Principal Place of Business:<br>Sacramento | County of Residence or of the Principal Place of Business:<br>Sacramento |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☐ Chapter 11     Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>                Nonmain Proceeding |
|  | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☑ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were ... classes of creditors, in acco... |

| Statistical/Administrative Information | |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will ... distribution to unsecured creditors. | |

Estimated Number of Creditors
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 |

Estimated Assets
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million |

Estimated Liabilities
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million |

09-34462-C-7
DEBTOR: DERRICK JACKSON
CODEBT: PAULA JACKSON
DEBTOR IS PRO SE
JUDGE: HON. C. KLEIN
TRUSTEE: F. LUCKSINGER
341 MEETING (Tentative Setting):
08/21/2009. 09:00AM - usb
Official meeting notice to be mailed
CHAPTER: 7    COUNTY: SACRAMENTO

FILED 7/13/09 - 3:02 PM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
rals

2009-34462
621



| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Derrick and Paula Jackson |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| District:<br>N/A | Relationship:<br>N/A | Judge:<br>N/A |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐     Yes, and Exhibit C is attached and made a part of this petition.

☑     No.

# Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐     Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐     Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Derrick and Paula Jackson** |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br>  916-627-8007<br>  Telephone Number (if not represented by attorney)<br>  07/13/2009<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>_____<br>  (Printed Name of Foreign Representative)<br><br>_____<br>  Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X _____<br>  Signature of Attorney for Debtor(s)<br><br>  Printed Name of Attorney for Debtor(s)<br><br>  Firm Name<br><br>  Address<br><br><br>  Telephone Number<br><br>  Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>  Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>  Address<br><br>X _____<br><br>  Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Authorized Individual<br><br>  Printed Name of Authorized Individual<br><br>  Title of Authorized Individual<br><br>  Date | |

Exhibit "B"

**DISCHARGED-Auto, IFPauperis, ADVPEND**

**U.S. Bankruptcy Court [LIVE-CM 3.3.3]**
**Eastern District of California (Sacramento)**
**Bankruptcy Petition #: 09-34462**

|  |  |
|---|---|
| *Date filed:* | 07/13/2009 |
| *Debtor discharged:* | 10/26/2009 |
| *Joint debtor discharged:* | 10/26/2009 |

*Assigned to:* Hon. Christopher M. Klein
Chapter 7
Voluntary
No asset

| | |
|---|---|
| *Debtor* | represented by **Derrick Jackson** |
| **Derrick Jackson** | PRO SE |
| 9396 Roan Ranch Cir | |
| Elk Grove, CA 95624 | |
| 916-627-8007 | |
| SSN / ITIN: xxx-xx-2069 | |
| *aka* | |
| **Derrick Mercer** | |
| | |
| *Joint Debtor* | represented by **Paula Lisa Jackson** |
| **Paula Lisa Jackson** | PRO SE |
| 9396 Roan Ranch Cir | |
| Elk Grove, CA 95624 | |
| 916-627-8007 | |
| SSN / ITIN: xxx-xx-1902 | |
| *aka* | |
| **Paula Lisa Dillard** | |
| *aka* | |
| **Paula Lisa Bush** | |

*Trustee*
**Ryan Lucksinger**
PO Box 1257
Rocklin, CA 95677
916-580-3366

*U.S. Trustee*
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| Filing Date | # | Docket Text |
|---|---|---|
| | | |

| 07/13/2009 | 1 | Chapter 7 Voluntary Petition. All Schedules and Statements filed. (rals) (Entered: 07/13/2009) |
|---|---|---|
| 07/13/2009 | | Meeting of Creditors to be held on 08/21/2009 at 09:00 AM at Meeting Room 7-B. Last day to oppose discharge: 10/20/2009. (rals) (Entered: 07/13/2009) |
| 07/13/2009 | 2 | Notice of Appointment of Interim Trustee F. Ryan Lucksinger (auto) (Entered: 07/13/2009) |
| 07/13/2009 | 3 | Master Address List (auto) (Entered: 07/13/2009) |
| 07/13/2009 | 4 | Statement of Social Security Number(s) (rals) (Entered: 07/13/2009) |
| 07/13/2009 | 5 | Motion/Application for Waiver of the Chapter 7 Filing Fee or Other Fee Filed by Debtor Derrick Jackson, Joint Debtor Paula Lisa Jackson (rals) (Entered: 07/13/2009) |
| 07/14/2009 | 6 | BNC 341 Notice Requested (CMX) (auto) (Entered: 07/14/2009) |
| 07/14/2009 | 7 | Certificate of Credit Counseling as to Debtor (stps) (Entered: 07/15/2009) |
| 07/14/2009 | 8 | Certificate of Credit Counseling as to Joint Debtor (stps) (Entered: 07/15/2009) |
| 07/14/2009 | 9 | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/16/2009) |
| 07/17/2009 | 10 | Order Granting 5 Motion/Application for Waiver of the Chapter 7 Filing Fee or Other Fee. (stps) (Entered: 07/20/2009) |
| 07/20/2009 | 11 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 10 Order Granting 5 Motion/Application for Waiver of the Chapter 7 Filing Fee or Other Fee. (stps) (Entered: 07/20/2009) |
| 07/20/2009 | 12 | Certificate of Mailing of Notice of 11 Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/22/2009) |
| 08/05/2009 | 13 | Amended Summary of Schedules Schedule B Schedule C (Filing Fee Not Paid or Not Required) (dhes) (Entered: 08/05/2009) |
| | | |

| | | |
|---|---|---|
| 08/13/2009 | <u>14</u> | Notice of Requirement to Complete Course in Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 08/13/2009) |
| 08/13/2009 | <u>15</u> | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/15/2009) |
| 08/24/2009 | | Chapter 7 Trustee's Report of No Distribution. The Section 341 Meeting was concluded on 08/21/09. I, F. Ryan Lucksinger, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned: $ 5005.00, Assets Exempt: Not Available, Claims Scheduled: $ 168092.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 168092.00. (Lucksinger, F.) (Entered: 08/24/2009) |
| 08/25/2009 | <u>16</u> | Notice of Filing Report of No Distribution as Transmitted to BNC for Service. Objections Due 09/24/2009. (Admin) (Entered: 08/25/2009) |
| 08/25/2009 | <u>17</u> | Certificate of Mailing of Notice of Filing Report of No Distribution as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/27/2009) |
| 09/01/2009 | <u>18</u> | Financial Management Course Certificate as to Debtor (dhes) (Entered: 09/01/2009) |
| 09/01/2009 | <u>19</u> | Financial Management Course Certificate as to Joint Debtor (dhes) (Entered: 09/01/2009) |
| 09/10/2009 | <u>20</u> | Memorandum/Letter Re: <u>1</u> Voluntary Petition (dhes) (Entered: 09/10/2009) |
| | | Adversary case 09-02589. (11 (Recovery of money/property - 542 turnover of property)) : Complaint by Paula Lisa Jackson, Derrick Jackson against Service Finance. Fee Amount of $250.00 |

| | | |
|---|---|---|
| 09/14/2009 | | is Exempt. (jlns) (Entered: 09/14/2009) |
| 09/17/2009 | 21 | Notice of Correction Re: 4 Statement of Social Security Number (s) (dhes) (Entered: 09/17/2009) |
| 09/23/2009 | | Envelope addressed to Ca Stu Aid POB returned to court as undeliverable Re: 21 Notice (stps) (Entered: 09/24/2009) |
| 09/25/2009 | 22 | Request for Special Notice Filed by Creditor Capital Recovery III LLC (npas) (Entered: 09/25/2009) |
| 09/25/2009 | | Envelope addressed to Pacific Gas and Electric returned to court as undeliverable Re: 21 Notice (dhes) (Entered: 09/28/2009) |
| 09/29/2009 | | Envelope addressed to Pacific Creditors Asso returned to court as undeliverable Re: 21 Notice (stps) (Entered: 09/29/2009) |
| 10/13/2009 | | Envelope addressed to NCO Financial returned to court as undeliverable Re: 21 Notice (dhes) (Entered: 10/14/2009) |
| 10/13/2009 | | Envelope addressed to NCO MedClr returned to court as undeliverable Re: 21 Notice (dhes) (Entered: 10/14/2009) |
| 10/26/2009 | 23 | Order Discharging Debtor as Transmitted to BNC for Service (Admin.) (Entered: 10/26/2009) |
| 10/26/2009 | 24 | Certificate of Mailing of Discharge of Debtor as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/28/2009) |
| 01/13/2010 | 25 | Certificate/Proof of Service (stps) (Entered: 01/14/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/13/2010 09:49:47 | | | |
| **PACER Login:** | ea0590 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 09-34462 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |



## UNITED STATES BANKRUPTCY COURT
### Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3-200**
**Sacramento, CA 95814**

(916) 930-4400
www.caeb.uscourts.gov
M-F 9:00 AM - 4:00 PM

## FILED

## 10/26/09

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

auto

## DISCHARGE OF DEBTOR

**Case Number:** 09-34462 – C – 7

**Debtor Name(s), Social Security Number(s), and Address(es):**

| | |
|---|---|
| Derrick Jackson<br>xxx-xx-2069 | Paula Lisa Jackson<br>xxx-xx-1902 |
| 9396 Roan Ranch Cir<br>Elk Grove, CA 95624 | 9396 Roan Ranch Cir<br>Elk Grove, CA 95624 |

**OTHER NAMES USED WITHIN 8 YEARS BEFORE FILING THE PETITION:**

| | |
|---|---|
| Derrick Mercer | Paula Lisa Dillard<br>Paula Lisa Bush |

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Dated:
10/26/09

For the Court,
Richard G. Heltzel , Clerk

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor (or debtors). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

### Debts that are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Exhibit "C"

B 6D (Official Form 6D) (12/07)

In re Derrick and Paula Jackson     Case No. _____
_____
**Debtor**            **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0000012924<br><br>Service Finance<br>1956 NE 5th Ave<br>Boca Raton, Fl 33431-7772 | n | J | 08/18/2007<br>CAR LOAN<br>2007 DODGE<br>CALIBER<br><br>VALUE $   7,745.00 | n | Y | n | 21,680.00 | 0.00 |
| ACCOUNT NO. N/A<br><br>N/A | n | J | N/A<br><br><br><br>VALUE $ | n | n | n | 0.00 | 0.00 |
| ACCOUNT NO. N/A<br><br>N/A | n | J | N/A<br><br><br><br>VALUE $ | n | n | n | 0.00 | 0.00 |

_0_ continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $    21,680.00 | $    0.00 |
| $ | $ |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re  Derrick and Paula Jackson             Case No. _____
              **Debtor**                                  **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** N/A <br><br> N/A | n | J | N/A <br><br> VALUE $ | n | n | n | 0.00 | 0.00 |
| **ACCOUNT NO.** N/A <br><br> N/A | n | J | N/A <br><br> VALUE $ | n | n | n | 0.00 | 0.00 |
| **ACCOUNT NO.** N/A <br><br> N/A | n | J | N/A <br><br> VALUE $ | n | n | n | 0.00 | 0.00 |
| **ACCOUNT NO.** N/A <br><br> N/A | n | J | N/A <br><br> VALUE $ | n | n | n | 0.00 | 0.00 |
| **ACCOUNT NO.** N/A <br><br> N/A | n | J | N/A <br><br> VALUE $ | n | n | n | 0.00 | 0.00 |

Sheet no. __0__ of __0__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)

$ 0.00      $ 0.00

Total(s) ▶
(Use only on last page)

$ 21,680.00      $ 0.00

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Exhibit "D"

# United States Bankruptcy Court
## Eastern District of California

| In re | Case No.: |
|---|---|
| Derrick and Paula Jackson    Debtor(s). | Chapter 7 |

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

---

Property No. 1

**Creditor's Name:**            n/A

**Describe Property Securing Debt:**

Property will be *(check one)*:
- ☐ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ *(for example, avoid lien using 11 U.S.C. § 522(f))*

Property is *(check one)*:
- ☑ Claimed as exempt          ☐ Not claimed as exempt

---

Property No. 2 *(if necessary)*

**Creditor's Name:**            n/A

**Describe Property Securing Debt:**

Property will be *(check one)*:
- ☐ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ *(for example, avoid lien using 11 U.S.C. § 522(f))*

Property is *(check one)*:
- ☐ Claimed as exempt          ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases.  *(All three columns of Part B must be completed for **EACH** unexpired lease.  Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br><br>*n/A* | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2):<br><br>☐ YES        ☐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:**<br><br>*n/A* | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2):<br><br>☐ YES        ☐ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:**<br><br>*n/A* | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2):<br><br>☐ YES        ☐ NO |

_____ continuation sheets attached *(if any)*

I (we) declare under penalty of perjury that the above indicates my (our) intention as to any property of my (our) estate securing a debt and/or personal property subject to an unexpired lease.

Date: 7/13/2009

_____
Signature of Debtor

Date: 7/13/2009

_____
Signature of Joint Debtor

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
### *(Continuation Sheet)*

**PART A - Continuation**

| Property No. | |
|---|---|
| **Creditor's Name:** N/A | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- ☐ Surrendered
- ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ *(for example, avoid lien using 11 U.S.C. § 522(f))*

Property is *(check one)*:
- ☐ Claimed as exempt
- ☐ Not claimed as exempt

**PART B - Continuation**

| Property No. | | |
|---|---|---|
| **Lessor's Name:** N/A | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2):** <br><br> ☐ YES ☐ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** N/A | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2):** <br><br> ☐ YES ☐ NO |

Exhibit "E"



Derrick and Paula Jackson

Case # 09-34462-C-7

9396 Roan Ranch Circle

Elk Grove Ca, 95624

925-565-7398

09-02589-C
COMPLAINT
PLAINTIFF: PAULA JACKSON
DEFENDANT: SERVICE FINANCE
JUDGE: HON. C. KLEIN
RELATED CASE: 09-34462

FILED 9/14/09 - 12:36 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION          jlns

Dear Honorable. Judge C. Kleine

We are requesting to file a complaint against Service Finance Company

Who has violated a Federal Bankruptcy Stay Order and for harassment. The

violation occurred Friday September 4th 2009. When Service finance had our car

repossessed and impounded. We contacted Service Finance to recover our personal

belongings from the vehicle and was told that we will be held responsible for the

fees before we could recover our personal property. We just can't afford to pay the

$375.00 fee and $35.00 a day that the car is being stored.

The harassment occurred Saturday September 8th 2009 when we received a

certified letter stating that the car is being sold because we violated a

agreement to pay. They will not acknowledge our Bankruptcy and are

charging us $20,669.54 for the vehicle. I have attached a copy of the 4 page

letter that was certified to us. As you can see in our case file we can't afford

to pay this debt and that's the reason we couldn't continue with the car payments.

This action will damage the very chance that we have to correct our credit, nor will it allow us the fresh start that a Chapter 7 Bankruptcy offers us. I thought that the bankruptcy laws protected us from these very actions and a Stay Order keep creditors from attempting to collect on that debt. From my understanding Service Finance has violated this Stay Order more than once. It appears that we will not get the opportunity at a second chance unless the court orders Service Finance to stop attempting to collect on this debt which has been included in our Chapter 7 Bankruptcy.

We are requesting that the court Sanction Service Finance for the violation of a Stay Order In a Chapter 7 Bankruptcy and for the Harassments that has been made against my Husband and myself. We also are requesting for the fee wavier that we have on file be attached to this complaint or as the violation of Stay orders implies, that Service Finance be held responsible for our court fees.

Thank You for your time. Derrick Jackson and Paula Jackson.

9/13/2009

09-23-2009

Exhibit "F"



| UNITED STATES BANKRUPTCY COURT<br>Eastern District of California<br><br>Robert T Matsui United States Courthouse<br>501 I Street, Suite 3–200<br>Sacramento, CA 95814<br><br>(916) 930–4400<br>www.caeb.uscourts.gov<br>M–F 9:00 AM – 4:00 PM | **FILED**<br><br>**10/26/09**<br><br>CLERK, U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>auto |

## DISCHARGE OF DEBTOR

Case Number:    **09–34462 – C – 7**

Debtor Name(s), Social Security Number(s), and Address(es):

Derrick Jackson
xxx–xx–2069

9396 Roan Ranch Cir
Elk Grove, CA 95624

Paula Lisa Jackson
xxx–xx–1902

9396 Roan Ranch Cir
Elk Grove, CA 95624

OTHER NAMES USED WITHIN 8 YEARS BEFORE FILING THE PETITION:

Derrick Mercer

Paula Lisa Dillard
Paula Lisa Bush

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Dated:
10/26/09

For the Court,
Richard G. Heltzel , Clerk

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor (or debtors). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

## Debts that are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Exhibit "G"

FILED

November 23, 2009

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002240538

24
ESTELA O. PINO, State Bar No. 112975
ELIZABETH G. BYNUM, State Bar No. 230232
PINO & ASSOCIATES
800 Howe Ave., Suite 420
Sacramento, CA 95825
Telephone: (916) 641-2288
Facsimile: (916) 641-1888

Special Counsel for Derrick Jackson and Paula Lisa Jackson, Debtors and
Plaintiffs

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In Re | Case No. 09-34462-C-7 |
| **DERRICK JACKSON and PAULA LISA JACKSON,** | Adv. Proc. No. 09-02589-C |
| **Debtors.** | **AMENDED COMPLAINT FOR: 1) ENFORCEMENT OF THE AUTOMATIC STAY; 2) ACTUAL AND PUNITIVE DAMAGES ARISING FROM WILLFUL VIOLATION OF THE AUTOMATIC STAY; 3) ENFORCEMENT OF THE DISCHARGE OF DEBTOR; AND 4) ACTUAL DAMAGES ARISING FROM WILLFUL VIOLATION OF THE DISCHARGE OF DEBTOR** |
| **DERRICK JACKSON and PAULA LISA JACKSON,** | |
| **Plaintiffs,** | |
| **v.** | |
| **SERVICE FINANCE COMPANY, LLC; WAP RECOVERY, INC.; and FIRST INVESTORS SERVICING CORP,** | |
| **Defendants.** | |

Derrick Jackson and Paula Lisa Jackson, do hereby allege as

follows in support of the Within: Amended Complaint for: 1) Enforcement

of the Automatic Stay; 2) Actual and Punitive Damages Arising from Willful

Violation of the Automatic Stay; 3) Enforcement of the Discharge of

Debtor; and 4) Actual Damages Arising from Willful Violation of the

Discharge of Debtor.

## JURISDICTION AND VENUE

1.      This adversary proceeding constitutes a civil proceeding arising under Title 11 or arising in or related to cases under Title 11.  As a result, this Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. Section 1334(b).

2.      In addition, this Court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to:   11 U.S.C. Section 362(k), and/or 11 U.S.C. Section 524, and 11 U.S.C. Section 105(a).

3.      The Bankruptcy Judges for this District may hear and determine this case pursuant to 28 U.S.C. Sections 157(b) and 157(c) and pursuant to General Order No. 182, issued by the Judges of the United States District Court for the Eastern District of California on May 14, 1985, which Order was renewed by General Order No. 223, issued by the Judges of the United States District Court for the Eastern District of California on October 22, 1987.

4.      This adversary proceeding constitutes a "core" matter pursuant to 28 U.S.C. Section  157(b)(2)(O), as such, this Court may enter a final judgment in this case.

5.      Venue is proper before this Court, pursuant to the provisions of 28 U.S.C. Section  1409.

## IDENTIFICATION OF PARTIES

6.      Derrick Jackson, one of the plaintiffs, is an individual residing in the Eastern District of California.

7.      Paula Lisa Jackson, one of the plaintiffs, is an individual residing in the Eastern District of California

8.     Derrick Jackson and Paula Lisa Jackson are married. They shall hereinafter be collectively referred to as "Mr. and Mrs. Jackson," or as "Plaintiffs".

9.     Service Finance Company, LLC, one of the defendants, (hereinafter referred to as "Service Finance") is a limited liability company organized under the laws of the State of Florida and registered to do business in the State of California.  The address of Service Finance is 1956 NE 5th Ave., Suite #8, Boca Raton, Florida 33431.

10.     Service Finance does business in the State of California and in this District.

11.     WAP Recovery, Inc., one of the defendants, (hereinafter referred to as "WAP Recovery") is a corporation organized under the laws of the State of California and is doing business in the Eastern District of California.  The address of WAP Recovery is P.O. Box 2121, Fair Oaks, CA 95628.

12.     WAP Recovery is licensed through the State of California Bureau of Security and Investigative Services.

13.     WAP Recovery is in the business of repossessing automobiles.

14.     WAP Recovery does business in the State of California and in this District.

15.     At all times relevant hereto, WAP Recovery has been a repossession agent for Service Finance.

16.     At all times relevant hereto, WAP Recovery, as repossession agent for Service Finance, has been its agent, acting within the scope of said agency.  As a result, Service Finance is responsible for the actions of its agent, WAP Recovery, acting on its behalf.

17.     At all times relevant hereto, Service Finance and WAP Recovery,

have been acting by and through and in concert with one another.

18.    At all times relevant hereto, Service Finance and WAP Recovery, acting by and through and in concert with one another, have pursued a course of conduct against Mr. and Mrs. Jackson, with actual knowledge that the Automatic Stay was in effect, in willful, blatant and reckless disregard of the Automatic Stay which went into effect on July 13, 2009.

19.    This Court issued a Discharge of Debtor as to Mr. and Mrs. Jackson on October 26, 2009.

20.    First Investors Servicing Corp (hereinafter referred to as "First Investors") is a corporation headquartered in Houston, Texas, with loan servicing operations in Atlanta, Georgia.  The address of First Investors' Corporate Office is 675 Bering Drive, Houston, TX 77057, and the address from which it conducts loan servicing operations is 380 Interstate North Pkwy., Suite 300, Atlanta, GA 30339.

21.    First Investors admits on its website, at www.fifsg.com, that it is doing business in the State of California.

22.    Plaintiffs are informed and believe, and based on such information and belief allege, that First Investors is not registered to do business in the State of California.

23.    On November 9, 2009, Service Finance transferred servicing rights to Mr. Jackson's account to First Investors.

24.    At all times relevant hereto, First Investors, as the servicing agent of Service Finance, has been its agent, acting within the scope of said agency.  As a result, Service Finance is responsible for the actions of its agent, First Investors, acting on its behalf.

25.    At all times relevant hereto, Service Finance and First Investors,

have been acting by and through and in concert with one another.

26.    At all times relevant hereto, Service Finance and First Investors, acting by and through and in concert with one another, have pursued a course of conduct against Mr. and Mrs. Jackson, with actual knowledge that Plaintiffs have received a Discharge of Debtor, in willful, blatant and reckless disregard of the Discharge of Debtor issued by this Court on October 26, 2009.

27.    Since November 9, 2009, First Investors has pursued collection of a debt against debt that was discharged, in willful, blatant, and reckless disregard of the Discharge of Debtor issued by this Court on October 26, 2009.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

28.    Mr. and Mrs. Jackson refer to and incorporate paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.    On or about August 18, 2007, Mr. & Mrs. Jackson entered into a "Retail Installment Contract" for the purchase of a 2007 Dodge Caliber motor vehicle, VIN# 1B3HB28B17D269207 (hereinafter referred to as the "Caliber") with Service Finance.   The Retail Installment Contract shall be hereinafter referred to as the "Contract."

30.    The Contract was entered into in the State of California.

31.    The Contract is governed by the laws of the State of California.

32.    Pursuant to the Contract Mr. and Mrs. Jackson granted Service Finance a security interest in the Caliber and only the Caliber.

33.    Mr. & Mrs. Jackson filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on July 13, 2009.  Relief was granted. The case was filed in the Eastern District of California, Sacramento Division and assigned case number 09-34462-C-7.   This case shall

hereinafter be referred to as the "Jackson Bankruptcy Case."

34. Mr. & Mrs. Jackson were not represented by counsel in connection with the filing of the Jackson Bankruptcy Case and all at times appeared *in pro se*.

35. Mr. & Mrs. Jackson prepared and filed their Schedules of Assets and Liabilities in a timely manner, pursuant to 11 United States Code 521.

36. Mr. & Mrs. Jackson prepared and filed a Statement of Intention in a timely manner, although it might not have been properly filled in, since Mr. and Mrs. Jackson are *in pro se*.

37. Mr. and Mrs. Jackson had and continue to have the right to amend the Statement of Intention.

38. Service Finance was listed on Schedule D - Creditors Holding Secured Claims. The Schedule D discloses that Service Finance has the "car loan 2007 Dodge Caliber".

39. Upon the filing of the Chapter 7 Case, the Caliber and all property of Mr. and Mrs. Jackson became property of the estate by operation of law pursuant to Section 541(a) of Title 11 of the United States Code.

40. Upon the filing of the Chapter 7 Case the Caliber and all property of Mr. and Mrs. Jackson became protected by the Automatic Stay of Section 362(a) of Title 11 of the United States Code.

41. No property of the estate in the Jackson Bankruptcy Case has ever been abandoned by the Chapter 7 Trustee.

42. Pursuant to Section 362(c)(1) of Title 11 of the United States Code, ". . . the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate."

43. On July 14, 2009, this Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." Pursuant to said document, which shall hereinafter be referred to as the "Notice," creditors were advised that Mr. and Mrs. Jackson had filed the Chapter 7 Case and that the Automatic Stay was in effect.

44. The Certificate of Notice relating to the Notice reflects that the Notice was served on Service Finance at the following address: 1956 NE 5th Ave. 8, Boca Raton, FL 33431-7718. Thus, Service Finance had actual notice and knowledge of the Automatic Stay shortly after July 14, 2009.

45. The First Meeting of Creditors was scheduled for and was actually held on August 21, 2009.

46. On September 4, 2009, sometime in the middle of the night, Service Finance, by and through WAP Recovery, repossessed Mr. & Mrs. Jackson's Caliber, which was the property of Mr. and Mrs. Jackson and the property of the estate, from their home.

47. September 4, 2009 was only fourteen (14) calendar days after the First Meeting of Creditors held under Section 341(a) of Title 11 of the United States Code.

48. The repossession was actually effectuated by WAP Recovery, at the request and instruction of Service Finance.

49. Prior to the repossession, neither Service Finance nor WAP Recovery had attempted to contact Mr. or Mrs. Jackson or requested that Mr. and Mrs. Jackson surrender the Caliber to them.

50. WAP Recovery took custody, possession and control of the Caliber and its contents despite the fact that it never attempted to contact Mr. or Mrs. Jackson or requested that Mr. and Mrs. Jackson surrender the

Caliber to them.

51. At the time the Caliber was repossessed by WAP Recovery, the Caliber contained a considerable amount of personal property belonging to Mr. and Mrs. Jackson and to their minor children. Such personal property included, but was not limited to: Mrs. Jackson's school textbooks and other books, compact discs, items of clothing, a tape recorder, toys, school supplies, records and personal effects, and most importantly, Mr. and Mrs. Jackson's garage door opener. Such garage door opener and other personal property shall hereinafter be referred to as the "Garage Door Opener and Personal Property".

52. Prior to the repossession, neither Service Finance nor WAP Recovery made any attempt to allow Mr. and Mrs. Jackson to remove the Garage Door Opener and Personal Property from the Caliber.

53. **Service Finance never sought from this Court, nor did it ever obtain, relief from the Automatic Stay which went into effect on July 13, 2009.**

54. **WAP Recovery never sought from this Court, nor did it ever obtain, relief from the Automatic Stay which went into effect on July 13, 2009.**

55. Service Finance has not filed a Proof of Claim in connection with the Jackson Bankruptcy Case, and as a result, Service Finance does not have an allowed claim in the Jackson Bankruptcy Case.

56. At all times since the repossession of the Caliber on September 4, 2009, WAP Recovery has had in its possession and control the Caliber and the Garage Door Opener and Personal Property of Mr. and Mrs. Jackson.

57. The repossession of the Caliber and the confiscation of the Garage

Door Opener and Personal Property of Mr. and Mrs. Jackson and their minor children constitute continuing and willful violations of the Automatic Stay.

58. Mr. and Mrs. Jackson have made demands for the return of their Garage Door Opener and Personal Property from Service Finance.

59. Upon contacting Service Finance to obtain the Garage Door Opener and Personal Property, Mr. and Mrs. Jackson were told that they would have to pay a "storage fee" before they could get the Garage Door Opener and Personal Property back.

60. Mr. and Mrs. Jackson did not have the money to pay the so-called "storage fee".

61. Mr. and Mrs. Jackson called Service Finance again in an attempt to get the Garage Door Opener and Personal Property back. When they did so, they were cursed at in a very unprofessional manner and told that they were in violation of bankruptcy laws themselves because they failed to file the proper forms as to whether they were going to affirm the debt or surrender the Caliber.

62. Mr. and Mrs. Jackson also called WAP Recovery in an attempt to get the Garage Door Opener and Personal Property back. After being forced to call several numbers to get an answer to their queries, WAP Recovery finally refused to relinquish Mr. and Mrs. Jackson's Garage Door Opener and Personal Property unless they paid a "storage fee" of $715.00 as of October 19, 2009. This demand was made by Tracy D., a manager of WAP Recovery, who refused to reveal her last name.

63. Requesting a "storage fee" while refusing to relinquish the Garage Door Opener and Personal Property taken from Mr. and Mrs. Jackson constitutes a continuing and willful violation of the Automatic Stay.

64. WAP Recovery willfully violated the Automatic Stay by repossessing the Caliber, by taking and maintaining possession and control of the Garage Door Opener and Personal Property, and by refusing to relinquish the Garage Door Opener and Personal Property when requested to do so, except on payment of a "storage fee".

65. Mr. and Mrs. Jackson have been forced to engage an attorney in connection with the repossession of the Caliber and the confiscation of the Garage Door Opener and Personal Property.

66. The circumstances under which the repossession of the Caliber and the confiscation of the Garage Door Opener and Personal Property from Mr. and Mrs. Jackson took place, were orchestrated to inflict the maximum amount of harm to Mr. and Mrs. Jackson, including but not limited to, humiliation, embarrassment, fear, oppression and deprivation of important personal property of Mr. and Mrs. Jackson and of the estate.

67. The actions engaged in by Service Finance, through its repossession agent WAP Recovery, and by WAP Recovery, in connection with the repossession of the Caliber and the confiscation of the Garage Door Opener and Personal Property from Mr. and Mrs. Jackson, were calculated to intentionally inflict emotional distress on these unrepresented consumer debtors and did inflict severe emotional distress on Mr. and Mrs. Jackson. Mr. and Mrs. Jackson's emotional distress has been particularly severe because Mr. and Mrs. Jackson's garage door opener has been at all times since the repossession of the Caliber in the possession and control of third parties, and they have not been able to retrieve it, because they do not have the money to pay the "storage fee" demanded as a condition precedent to return of the Garage Door Opener and Personal Property. This

understandably has made them afraid that the security of their home, and their personal security, is compromised.

68.    Mr. and Mrs. Jackson are informed and believe and based upon said information and belief allege that Service Finance, by and through WAP Recovery and other repossession agents it uses, in the State of California, has engaged in a systematic pattern of conduct against them and others similarly situated to inflict the maximum amount of harm on consumer debtors, protected by the Automatic Stay.

69.    On October 26, 2009, this Court issued a Discharge of Debtor, for the benefit of Mr. and Mrs. Jackson. It is respectfully requested that the Court take judicial notice of the Discharge of Debtor, which is Docket Control Number 23 on the docket of Bankruptcy Case No. 09-34462-C-7.

70.   The Certificate of Notice filed with this Court evidences that the Discharge of Debtor was served on Service Finance, at its address at 1956 NE 5th Ave. 8, Boca Raton, Florida 33431-7718, on October 28, 2009. It is respectfully requested that the Court take judicial notice of the Certificate of Notice, which is Docket Control Number 24 on the docket of Bankruptcy Case No. 09-34462-C-7.

71.    Pursuant to 11 U.S.C. Section 524(a)(2), the Discharge of Debtor "...operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...".

72.    On November 9, 2009, after the Discharge of Debtor was issued by the Court and served on Service Finance, Service Finance transferred the servicing rights to the account of Mr. Jackson to First Investors.

73.     On November 9, 2009, First Investors sent a letter in the United States mail, a mode of interstate commerce, to Mr. Jackson, stating in part that "[o]n November 9, 2009, servicing rights to the above-referenced account were transferred to First Investors Servicing Corporation by your creditor, Service Finance Company, LLC, **to whom your debt is owed**." (Emphasis added.)

74.     The letter advised Mr. Jackson that the account balance is $18,235.66. The letter also says that "First Investors Servicing Corporation is a debt collector. First Investors Servicing Corporation **is attempting to collect a debt** and any information obtained will be used for that purpose." (Emphasis added.)

75.     The letter of November 9, 2009 constitutes an act in violation of the permanent injunction created by the Discharge of Debtor.

76.     At all times, Service Finance and First Investors had the ability to comply with the injunction set forth within 11 U.S.C. Section 524.

## FIRST CLAIM FOR RELIEF

### (Enforcement of the Automatic Stay)

77.     Mr. and Mrs. Jackson refer to and incorporate paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.     Service Finance and WAP Recovery willfully violated the Automatic Stay by engaging in the course of conduct described within paragraphs 1 through 76 above.

79.     Service Finance and WAP Recovery have custody and control of the Caliber, the Garage Door Opener and Personal Property of Mr. and Mrs. Jackson, and property of the estate, in continuing and willful violation of the Automatic Stay.

80. Mr. and Mrs. Jackson are entitled to enforcement of the protections of the Automatic Stay pursuant to Section 362(a) of Title 11 of the United States Code.

## SECOND CLAIM FOR RELIEF

**(Actual and Punitive Damages Arising from Willful Violation of 11 U.S.C. Section 362(a) by Service Finance)**

81. Mr. and Mrs. Jackson refer to and incorporate paragraphs 1 through 80, inclusive, as though fully set forth herein.

82. Service Finance willfully violated the Automatic Stay by engaging in the course of conduct described within paragraphs 1 through 76 above.

83. Pursuant to 11 U.S.C. 362(k) "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances may recover punitive damages."

84. Mr. and Mrs. Jackson have suffered embarrassment, humiliation, anxiety, worry, deprivation of personal property and property of the estate, and have been extremely distressed by the actions of Service Finance as set forth within paragraphs 1 through 76 above.

85. In addition, Mr. and Mrs. Jackson expended time in pursuing return of the Garage Door Opener and Personal Property.

86. Mr. and Mrs. Jackson were forced to engage an attorney in connection with the repossession of the Caliber and the confiscation of the Garage Door Opener and Personal Property.

87. Mr. and Mrs. Jackson were deprived of the benefits of the Automatic Stay.

88. In engaging in the various acts and omissions alleged above,

Service Finance willfully and intentionally engaged in actions which were and are outrageous and not to be tolerated in a civilized society.

89.   In engaging in such acts and omissions, Service Finance knew or should have known that this conduct would cause Mr. and Mrs. Jackson to suffer severe emotional distress.  Said acts and omissions were done with wanton, callous and reckless disregard of the possible consequences to Mr. and Mrs. Jackson.

90.   As a direct and legal result of the intentional and malicious conduct of Service Finance, Mr.  and Mrs.  Jackson  have sustained emotional and mental distress and anguish, embarrassment, mortification, humiliation, indignity, and deprivation of personal property and property of the estate, all to their general damage in an amount to be proven at trial.

91.   In doing the acts herein alleged, Service Finance acted fraudulently, intentionally, willfully, oppressively, and maliciously and with a conscious disregard for the rights of others and in so doing, acted in a despicable manner, entitling Plaintiffs to an award of actual and punitive damages in an amount to be determined at trial.

92.   Mr. and Mrs. Jackson are informed and believe and based on such information and belief allege that there is a clear and present danger that the tactics used by Service Finance against them have been and will be repeatedly used against other consumers in this District and in the State of California.

### THIRD CLAIM FOR RELIEF

**(Actual and Punitive Damages Arising from Willful Violation of 11 U.S.C. Section 362(a) by WAP Recovery)**

93.   Mr. and Mrs. Jackson refer to and incorporate paragraphs 1

through 92, inclusive, as though fully set forth herein.

94.    WAP Recovery willfully violated the Automatic Stay by engaging in the course of conduct described within paragraphs 1 through 76 above.

95.    Pursuant to 11 U.S.C. 362(k) "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances may recover punitive damages."

96.    Mr. and Mrs. Jackson have suffered embarrassment, humiliation, anxiety, worry, deprivation of personal property and property of the estate, and have been extremely distressed by the actions of WAP Recovery as set forth within paragraphs 1 through 76 above.

97.    In addition, Mr. and Mrs. Jackson expended time in pursuing return of the Garage Door Opener and Personal Property.

98.    Mr. and Mrs. Jackson were forced to engage an attorney in connection with the repossession of the Caliber and the confiscation of the Garage Door Opener and Personal Property.

99.    Mr. and Mrs. Jackson were deprived of the benefits of the Automatic Stay.

100.    In engaging in the various acts and omissions alleged above, WAP Recovery willfully and intentionally engaged in actions which were and are outrageous and not to be tolerated in a civilized society.

101.    In engaging in such acts and omissions, WAP Recovery knew or should have known that this conduct would cause Mr. and Mrs. Jackson to suffer severe emotional distress. Said acts and omissions were done with wanton, callous and reckless disregard of the possible consequences to Mr. and Mrs. Jackson.

102. As a direct and legal result of the intentional and malicious conduct of WAP Recovery, Mr. and Mrs. Jackson have sustained emotional and mental distress and anguish, embarrassment, mortification, humiliation, indignity, and deprivation of personal property and property of the estate, all to their general damage in an amount to be proven at trial.

103. In doing the acts herein alleged, WAP Recovery acted fraudulently, intentionally, willfully, oppressively, and maliciously and with a conscious disregard for the rights of others and in so doing, acted in a despicable manner, entitling Plaintiffs to an award of actual and punitive damages in an amount to be determined at trial.

104. Mr. and Mrs. Jackson are informed and believe and based on such information and belief allege that there is a clear and present danger that the tactics used by WAP Recovery against them have been and will be repeatedly used against other consumers in this District and in the State of California.

## FOURTH CLAIM FOR RELIEF

### (Enforcement of the Discharge of Debtor)

105. Mr. and Mrs. Jackson refer to and incorporate paragraphs 1 through 104, inclusive, as though fully set forth herein.

106. Service Finance and First Investors willfully violated the Discharge of Debtor by engaging in the course of conduct described within paragraphs 1 through 76 above.

107. Mr. and Mrs. Jackson are entitled to enforcement of the permanent injunction created by the Discharge of Debtor pursuant to Section 524 of Title 11 of the United States Code.

///

## FIFTH CLAIM FOR RELIEF

### (Actual Damages Arising from Violation of Discharge of Debtor)

108.   Mr. and Mrs. Jackson refer to and incorporate paragraphs 1 through 107, inclusive, as though fully set forth herein.

109.   Service Finance willfully violated the Discharge of Debtor by engaging in the course of conduct described within paragraphs 1 through 76 above.

110.   Mr. and Mrs. Jackson have suffered embarrassment, humiliation, anxiety, worry, and have been extremely distressed by the actions of Service Finance, by and through its servicer First Investors, to collect a debt that has been discharged, as set forth within paragraphs 1 through 76 above.

111.   Mr. and Mrs. Jackson were forced to engage an attorney in connection with the attempts by Service Finance to collect on a debt that has been discharged.

112.   Mr. and Mrs. Jackson were deprived of the benefits of the Discharge of Debtor.

113.   In engaging in the various acts and omissions alleged above, Service Finance willfully and intentionally engaged in actions which were and are outrageous and not to be tolerated in a civilized society.

114.   In engaging in such acts and omissions, Service Finance knew or should have known that this conduct would cause Mr. and Mrs. Jackson to suffer severe emotional distress.  Said acts and omissions were done with wanton, callous and reckless disregard of the possible consequences to Mr. and Mrs. Jackson.

115. As a direct and legal result of the intentional and malicious conduct of Service Finance, Mr. and Mrs. Jackson have sustained emotional and mental distress and anguish, embarrassment, mortification, humiliation, indignity, and deprivation of the protections of the Discharge of Debtor, all to their general damage in an amount to be proven at trial.

116. In doing the acts herein alleged, Service Finance acted fraudulently, intentionally, willfully, oppressively, and maliciously and with a conscious disregard for the rights of others and in so doing, acted in a despicable manner, entitling Plaintiffs to an award of actual damages in an amount to be determined at trial.

117. Mr. and Mrs. Jackson are informed and believe and based on such information and belief allege that there is a clear and present danger that the tactics used by Service Finance against them have been and will be repeatedly used against other consumers in this District and in the State of California.

## SIXTH CLAIM FOR RELIEF
### (Actual Damages Arising from Violation of Discharge of Debtor)

118. Mr. and Mrs. Jackson refer to and incorporate paragraphs 1 through 117, inclusive, as though fully set forth herein.

119. First Investors willfully violated the Discharge of Debtor by engaging in the course of conduct described within paragraphs 1 through 76 above.

120. Mr. and Mrs. Jackson have suffered embarrassment, humiliation, anxiety, worry, and have been extremely distressed by the actions of First Investors to collect a debt that has been discharged, as set forth within paragraphs 1 through 76 above.

121. Mr. and Mrs. Jackson were forced to engage an attorney in connection with the attempts by First Investors to collect on a debt that has been discharged.

122. Mr. and Mrs. Jackson were deprived of the benefits of the Discharge of Debtor.

123. In engaging in the various acts and omissions alleged above, First Investors willfully and intentionally engaged in actions which were and are outrageous and not to be tolerated in a civilized society.

124. In engaging in such acts and omissions, First Investors knew or should have known that this conduct would cause Mr. and Mrs. Jackson to suffer severe emotional distress. Said acts and omissions were done with wanton, callous and reckless disregard of the possible consequences to Mr. and Mrs. Jackson.

125. As a direct and legal result of the intentional and malicious conduct of First Investors, Mr. and Mrs. Jackson have sustained emotional and mental distress and anguish, embarrassment, mortification, humiliation, indignity, and deprivation of the protections of the Discharge of Debtor, all to their general damage in an amount to be proven at trial.

126. In doing the acts herein alleged, First Investors acted fraudulently, intentionally, willfully, oppressively, and maliciously and with a conscious disregard for the rights of others and in so doing, acted in a despicable manner, entitling Plaintiffs to an award of actual damages in an amount to be determined at trial.

127. Mr. and Mrs. Jackson are informed and believe and based on such information and belief allege that there is a clear and present danger that the tactics used by First Investors against them have been and will be

repeatedly used against other consumers in this District and in the State of California.

**WHEREFORE**, Mr. and Mrs. Jackson respectfully request that this Court enter judgment in favor of Mr. and Mrs. Jackson and against the Defendants named herein as follows:

1. Enforcing the Automatic Stay of 11 U.S.C. 362(a) as to Service Finance; **and**

2. Making a finding of fact that Service Finance **willfully** violated the Automatic Stay provisions of 11 U.S.C. 362(a) by ordering the repossession of the Caliber and the confiscation of the Garage Door Opener and Personal Property on September 4, 2009; **and**

3. Making a finding that the tactics used by Service Finance in ordering WAP Recovery to effect the repossession of the Caliber in the middle of the night on September 4, 2009, without contacting Mr. and Mrs. Jackson, requesting that Mr. and Mrs. Jackson surrender the Caliber to Service Finance or WAP Recovery, or allowing Mr. and Mrs. Jackson to remove the Garage Door Opener and Personal Property from the Caliber, cannot be tolerated in a civilized society; **and**

4. Making a finding that Service Finance has continued its willful violation of the Automatic Stay of 11 U.S.C. 362(a) from September 4, 2009 to the present; **and**

5. Awarding Mr. Jackson actual and punitive damages arising from the willful and continuing violations of the Automatic Stay by Service Finance, including, but not limited to, damages for emotional distress suffered by Mr. Jackson; **and**

6. Awarding Mrs. Jackson actual and punitive damages arising

from the willful and continuing violations of the Automatic Stay by Service Finance including, but not limited to, damages for emotional distress suffered by Mrs. Jackson; **and**

7.    Awarding Mr. and Mrs. Jackson damages for all the attorneys fees and costs expended in connection with enforcing the Automatic Stay against the willful violations of the Automatic Stay by Service Finance; **and**

8.    Awarding Mr. and Mrs. Jackson costs expended in connection with the continuing and willful violations of the Automatic Stay by Service Finance; **and**

9.    Enforcing the Automatic Stay of 11 U.S.C. 362(a) as to WAP Recovery; **and**

10.   Making a finding of fact that WAP Recovery **willfully** violated the Automatic Stay provisions of 11 U.S.C. 362(a) by repossessing the Caliber and confiscating the Garage Door Opener and Personal Property on September 4, 2009; **and**

11.   Making a finding that the tactics used by WAP Recovery in effectuating the repossession of the Caliber in the middle of the night on September 4, 2009, without contacting Mr. and Mrs. Jackson, requesting that Mr. and Mrs. Jackson surrender the Caliber to Service Finance or WAP Recovery, or allowing Mr. and Mrs. Jackson to remove the Garage Door Opener and Personal Property from the Caliber, cannot be tolerated in a civilized society; **and**

12.   Making a finding that WAP Recovery has continued its willful violation of the Automatic Stay of 11 U.S.C. 362(a) from September 4, 2009 to the present; **and**

13.   Awarding Mr. Jackson actual and punitive damages arising

from the willful and continuing violations of the Automatic Stay by WAP Recovery including, but not limited to, damages for emotional distress suffered by Mr. Jackson; **and**

14. Awarding Mrs. Jackson actual and punitive damages arising from the willful and continuing violations of the Automatic Stay by WAP Recovery including, but not limited to, damages for emotional distress suffered by Mrs. Jackson; **and**

15. Awarding Mr. and Mrs. Jackson damages for all the attorneys fees and costs expended in connection with enforcing the Automatic Stay against the continuing and willful violations of the Automatic Stay by WAP Recovery; **and**

16. Awarding Mr. and Mrs. Jackson costs expended in connection with the continuing and willful violations of the Automatic Stay by WAP Recovery; **and**

17. Issuing an Order against Service Finance, requiring immediate compliance with the Discharge of Debtor issued by this Court on October 26, 2009; **and**

18. Issuing an Order against First Investors, requiring immediate compliance with the Discharge of Debtor issued by this Court on October 26, 2009; **and**

19. Compelling Service Finance to obey the Discharge of Debtor issued by this Court on October 26, 2009; **and**

20. Compelling First Investors to obey the Discharge of Debtor issued by this Court on October 26, 2009; **and**

21. Awarding compensatory damages in favor of Mr. and Mrs. Jackson and against Service Finance for the actual damages, including

damages for emotional distress, humiliation, and embarrassment, they have suffered as a result of the violation of the Discharge of Debtor; **and**

22.     Awarding compensatory damages in favor of Mr. and Mrs. Jackson and against First Investors for the actual damages, including damages for emotional distress, humiliation, and embarrassment, they have suffered as a result of the violation of the Discharge of Debtor; **and**

23.     Awarding all attorneys fees and costs expended in connection with enforcing the Discharge of Debtor against the continuing and willful violations of the Discharge of Debtor by Service Finance; **and**

24.     Awarding all attorneys fees and costs expended in connection with enforcing the Discharge of Debtor against the continuing and willful violations of the Discharge of Debtor by First Investors; **and**

25.     Awarding Mr. and Mrs. Jackson costs expended in connection with the continuing and willful violations of the Discharge of Debtor by Service Finance; **and**

26.     Awarding Mr. and Mrs. Jackson costs expended in connection with the continuing and willful violations of the Discharge of Debtor by First Investors; **and**

///
///
///
///
///
///
///
///

27.    Granting Mr. and Mrs. Jackson such other and further relief as is just, fair, equitable, and to which they are entitled whether or not specifically requested.

Dated: November 22, 2009          Respectfully submitted,

PINO & ASSOCIATES

By: _____
     Estela O. Pino
     Special Counsel for Derrick
     Jackson and Paula Lisa
     Jackson, Debtors and Plaintiffs